**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

TERRY M. HOWLEY,

    Plaintiff,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE;
JOHN McCULLOCH & ASSOC.;
KURT C. ROWAN, *Patent Examiner*;
PETER M. POON, *Supervisor Patent Examiner*;
JOHN W. DUDAS, *Director of USPTO*;

    Defendants.
_____/

CASE NO. 08-CV-13976

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915e(2)(B)**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be given.

**II.  REPORT**

    **A.  Introduction**

On September 15, 2008, Plaintiff Terry Howley filed this *pro se* civil action seeking 50 million dollars in damages from a Michigan law firm, the United States Patent and Trademark Office ("PTO"), the director of the PTO, and two PTO examiners. On October 17, 2008, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate

judge for pretrial proceedings. (Dkt. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915e(2)(B), I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When screening a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

When a complaint involves multiple parties and multiple claims, each claim should make it clear which defendant or defendants are alleged to have committed which wrong. If it is "impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred," such a complaint fails to state a claim upon which relief can be granted. *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002) (citing *Mountain View Pharmacy v. Abbott Labs*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)). In addition, when a *pro se* plaintiff "pleads a legal conclusion without surrounding facts to support the conclusion stated in this claim, he fails to state a claim." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

### C. Discussion

In this case, the complaint never alleges that any specific wrong was committed by any distinct defendant. Instead, the complaint only refers to "Defendant(s)" collectively. Plaintiff alleges that, since he first applied for a patent in 2002, "Defendant(s)" have "fraudulently prevent[ed] the granting of patent protection" for Plaintiff's Fishing Rod Rest invention. (Compl., Dkt. 1 ¶ 7.) Plaintiff itemizes his claims as follows:

> Defendant(s) were negligent and/or committed malpractice and breached fiduciary duties to Plaintiff in the following regard:
>
> (a) By failing to <u>ISSUE Plaintiff's patent as originally filed in said legal matter</u>;
>
> (b) By representing to the Plaintiff that <u>no conflict of interest or prior business relationship existed between Defendant(s) and multiple parties to suit pertaining to legal matter</u>;
>
> (c) By <u>holding themselves out as an unbiased fiduciary without any conflict of interest</u>;

(d) By failing to <u>provide Plaintiff with the minimum standard of care;</u>

(e) By <u>violating multiple procedures of law and in failing to notify Plaintiff of ALL documentation, approvals concerning the granting, publication and issuance of patent</u>.

(Compl., Dkt. 1 ¶ 6 (emphasis in original).)

I suggest that the complaint be *sua sponte* dismissed for failure to state a claim because Plaintiff has not alleged that any specific defendant committed any specific wrongful act. Furthermore, I suggest that the complaint is also subject to *sua sponte* dismissal because the claims consist of nothing more than legal conclusions without surrounding facts to support the conclusions.

In addition to the reasons in support of dismissal already stated, and considering that the vast majority of Plaintiff's complaint appears to relate to attorney malpractice, I further suggest that, to the extent Plaintiff is seeking to sue Defendant John McCulloch and Associates, the claim is subject to *sua sponte* dismissal because this Court has no jurisdiction over claims that do not raise a federal question and both parties are residents of the same state.[1] Jurisdiction is always appropriate for the courts to consider, *see Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), and I suggest that this Court does not have jurisdiction over a Michigan plaintiff's malpractice claims against a Michigan law firm. Finally, to the extent Plaintiff is dissatisfied with the decisions of the PTO, this Court is not the appropriate forum in which to raise such claims. *See* 35 U.S.C. §§ 134, 145.

For all these reasons, I suggest that the complaint be *sua sponte* dismissed.

---

[1]There are two ways this Court can obtain jurisdiction over a case or controversy; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." The other type of original federal district court jurisdiction is diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: October 22, 2008                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Terry M. Howley at 4106 E. Wilder Rd., #288, Bay City, MI, 48706, and served on District Judge Ludington in the traditional manner.

Date: October 22, 2008                          By     s/Jean L. Broucek
                                                                      Case Manager to Magistrate Judge Binder